Case 1:26-cv-04327-LAK Document 13 Filed 09/30/26 Page 1 of 2

BXD

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10-1-26

September 30, 2026

VIA ECF

Hon. Lewis A. Kaplan
United States Courthouse
500 Pearl Street
New York, New York 10007

**RE:** ***Cruz Anaya v. Mullin*, No. 26-4327**
**Unopposed Letter Motion to Seal Exhibit A, Bond Rebuttal Evidence**

Dear Judge Kaplan:

Undersigned counsel represents Petitioner, Hector Cruz Anaya ("Mr. Cruz Anaya") in the above-referenced habeas corpus matter. Mr. Cruz Anaya has filed, concurrently with this letter-motion, a motion to enforce the Court's June 9, 2026, Order that he receive a bond hearing with certain procedural protections before an immigration judge ("IJ"). *See* Order, ECF No. 10. As detailed in that motion to enforce, the bond hearing failed to comply with the Court's Order, chiefly because the IJ did not meaningfully consider alternatives to detention in evaluating whether the Department of Homeland Security had satisfied its burden of proof.

Mr. Cruz Anaya filed several exhibits in support of his motion to enforce, including a complete copy of his bond rebuttal evidence. This evidentiary packet contains highly sensitive information, including detailed medical and mental health information about Mr. Cruz Anaya's minor son. Therefore, in accordance with Fed. R. Civ. Proc. 5.2(d), *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and S.D.N.Y. Standing Order 19-MC-00583 (M10-468), undersigned counsel respectfully requests that the Court grant leave to file Exhibit A, Petitioner's Bond Rebuttal Evidence, fully under seal. Counsel has contacted counsel for Respondents, Janet Guyon, who consents to the motion.

In assessing whether to grant a motion to file under seal, the Court must determine the weight of the presumption of access to information and subsequently balance competing considerations against it. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). The request should be narrowly tailored to serve the purpose justifying the sealing. *See Lugosch*, 435 F.3d at 119–20.

There is good cause to grant leave to file the requested exhibit under seal, as the sensitive, personal, and medical nature of the information sought to be shielded from public view outweighs the presumption of access to information, and this request is narrowly tailored to meet that purpose

**The Bronx Defenders** 360 East 161st Street Bronx, NY 10451 t: 718.838.7878 f: 718.665.0100 www.bronxdefenders.org

Specifically, Mr. Cruz Anaya seeks to seal Exhibit A, his bond rebuttal evidence. This exhibit includes a psychological evaluation of Mr. Cruz Anaya's minor son, including mental health diagnoses; Mr. Cruz Anaya's minor son's medical and school records; letters and declaration from Mr. Cruz Anaya's friends and family members, including their dates of birth and addresses; a psychological evaluation of Mr. Cruz Anaya; and Mr. Cruz Anaya's tax records. Courts routinely grant sealing of medical records, which are sensitive, as well as of financial information and family members' information. *United States v. Martoma,* No. S1-12-CR-973 (PGG), 2014 WL 164181, at *6 (S.D.N.Y. Jan. 9, 2014) (acknowledging that courts "grant the greatest protection" to medical, health-related, family, and personal financial information); *Toolasprashad v. Toolasprashad*, No. 21-CV-4672 (RPK) (JRC), 2021 WL 4949121, at *3 (E.D.N.Y. Oct. 25, 2021).[1]

Accordingly, Mr. Cruz Anaya has shown good cause for filing Exhibit A under seal. We thank the Court for its consideration of the request.

Respectfully submitted,

/s/ Jessica Coffrin-St. Julien
Jessica Coffrin-St. Julien
THE BRONX DEFENDERS
360 East 161st Street
Bronx, New York 10451
Tel. (646) 780-9930
jcoffrin@bronxdefenders.org
*Counsel for Mr. Cruz Anaya*

CC: Counsel of Record (via ECF)

Granted

SO ORDERED

Lewis A Kaplan

LEWIS A. KAPLAN, USDJ

10/1/26

[1] In the alternative, Mr. Cruz Anaya requests leave to file pages 1–4, 7–30, 34–114, 307–64, and 390–415 of Exhibit A under seal.